**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| STEPHANIE S. LOGAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:17-cv-00117 |
| GLA COLLECTION COMPANY, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Stephanie Logan ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of GLA Collection Company, Inc. ("GLA," or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as GLA conducts business in the Southern District of Indiana and maintains significant contacts within the Southern District of Indiana.

## PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant GLA is a Kentucky corporation with its principal place of business located at 2630 Gleeson Road, Louisville, Kentucky 40299. GLA conducts business in Indiana and is registered with the Indiana Secretary of State under Business ID 1995090904. GLA uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Indiana. GLA engages in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others as its website identifies it as a debt collector and a proud member of the American Collector's Association.[1]

## FACTS SUPPORTING CAUSES OF ACTION

6.   In late 2012, Plaintiff enrolled into PJ's College of Cosmetology. After one day of attendance, Plaintiff no longer wished to pursue a degree in cosmetology.

7.   Soon thereafter, Plaintiff unenrolled in PJ's College of Cosmetology incurring an enrollment fee in the amount of $2,100.00 ("subject debt").

8.   At the time Plaintiff enrolled in PJ's College of Cosmetology, Plaintiff provided her cellular phone number ending in 5521.

9.   In early 2014, Plaintiff changed her cellular phone number to a number ending in 8734.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 8734.

---

[1] http://www.glacompany.com/about.html

11. In March 2013, PJ's College of Cosmetology sold or transferred the subject debt to GLA for collections while Plaintiff was allegedly in default.

12. In July 2013, GLA began placing collection calls to Plaintiff's cellular telephone number ending in 8734 attempting to collect the subject debt.

13. Plaintiff *never* provider her cellular telephone number to GLA or otherwise expressly consented to GLA's phone calls.[2]

14. Immediately after the calls began, Plaintiff answered a phone call to her cellular telephone from GLA. Plaintiff was greeted with a pre-recorded message prompting her to hold until a live representative can take the call.

15. During the pre-recorded message, GLA identifies itself as a debt collector that is attempting to collect on a debt.

16. In July 2014, Plaintiff spoke to a live representative of GLA in which he repeatedly demanded Plaintiff to make a payment on the subject debt. Plaintiff responded by requesting that GLA cease placing calls to her cellular phone.

17. Plaintiff answered no less than 9 calls from GLA, and in each answered call, demanded that GLA cease its calls to Plaintiff's cellular telephone.

18. Notwithstanding Plaintiff's numerous requests that GLA's collection calls cease, GLA placed or caused to be placed an average of 2 phone calls per day between July 2013 through the present day, without Plaintiff's prior consent, in an attempt to collect on the subject debt.

19. Plaintiff's demands that GLA's phone calls cease fell on deaf ears and GLA continued its phone harassment campaign.

---

[2] Upon information and belief, GLA obtained Plaintiff's cellular telephone number ending in 8734 through a method known as "call capture," a telephone-based technology that captures personal data from persons who place calls to a properly provisioned number or through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

20. In total, GLA placed or caused to be placed no less than 167 harassing phone calls to Plaintiff's cellular telephone from July 2013 through the present day, with calls taking place several times in one day, up to 6 times per day, and on the weekends.

21. In the calls that Plaintiff spoke to a live representative of GLA, Plaintiff hears what sounds to be call center noise in the background of GLA's calls.

22. In the calls that Plaintiff did not answer, GLA would leave a pre-recorded/artificial voicemail on Plaintiff's cellular phone, each of which was approximately 21 seconds in duration. There would be an audible click from the receiver and after a significant pause, a pre-recorded message was left by GLA using a prerecorded voice requesting Plaintiff to call back.

23. Upon information and belief, GLA placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

### DAMAGES

24. Plaintiff has suffered and continues to suffer from emotional distress, depression, mental anguish, and anxiety as a direct result of GLA's unlawful collection practices.

25. GLA's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

26. The majority of GLA's disrupting phone calls to Plaintiff were placed during work hours and severely decreased Plaintiff's work productivity.

27. GLA's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that

accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

28. In addition, each time GLA placed a telephone call to Plaintiff, GLA occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.[3]

29. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel GLA to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. GLA repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

33. Based on the pre-recorded messages and the lack of prompt human response during the phone calls in which Plaintiff answered, GLA used a predictive dialing system to place calls to Plaintiff's cellular telephone.

---

[3] GLA also left approximately 76 pre-recorded/artificial voicemails on Plaintiff's cellular phone to the point that Plaintiff's voicemail was consistently full.

34. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

35. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

36. GLA violated the TCPA by placing no less than 167 harassing phone calls to Plaintiff's cellular telephone from July 2013 through the present day, using an ATDS without her prior consent.

37. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on her cellular phone on at least nine separate occasions.

38. As pled above, Plaintiff was severely harmed by GLA's collection calls to her cellular phone.

39. Upon information and belief, GLA has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

40. Upon information and belief, GLA knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

41. GLA, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

42. Pursuant to 47 U.S.C. §227(b)(3)(B), GLA is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), GLA's willful and knowing violations of the

TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, STEPHANIE S. LOGAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c.   Enjoining GLA from contacting Plaintiff; and

    d.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

45. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

46. GLA is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

47. Moreover, GLA is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

48. GLA used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

49. GLA's communications to Plaintiff were made in connection with the collection of the subject debt.

50. GLA violated 15 U.S.C. §§1692c(a)(1), d, and d(5), through its unlawful debt collection practices.

### a.   Violations of FDCPA § 1692c

51. GLA violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on no less than nine separate occasions. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, GLA continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

52. Furthermore, GLA has relentlessly called Plaintiff on no less than 167 occasions in the course of the last 3 years. This volume of calls shows that GLA willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

53. GLA was notified by Plaintiff that its calls were not welcomed. As such, GLA knew that its conduct was inconvenient and distressing to her.

### b.   Violations of FDCPA § 1692d

54. GLA violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, GLA continued placing the relentless calls after Plaintiff demanded that the calls cease on no less than 9 separate occasions.

55. GLA violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, GLA placed or caused to be placed no less than 167 harassing phone calls to Plaintiff's cellular telephone from July 2013

8

through the present day, using an ATDS without her prior consent, with calls taking place several times in one day, and up to 6 times per day.

56. As an experienced debt collector, GLA knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

57. Upon information and belief, GLA systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

58. As stated above, Plaintiff was severely harmed by GLA's conduct.

**WHEREFORE**, Plaintiff STEPHANIE S. LOGAN respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

   d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: June 30, 2017                                    Respectfully Submitted,

/s/ Marwan R. Daher                                    /s/ Omar T. Sulaiman
Marwan R. Daher, Esq. ARDC#6325465                     Omar T. Sulaiman, Esq. ARDC#6322837
*Counsel for Plaintiff*                                *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                                Sulaiman Law Group, Ltd
900 Jorie Blvd, Suite 150                              900 Jorie Blvd, Suite 150
Oak Brook, IL 60523                                    Oak Brook, IL 60523
Telephone: (630) 575-8181 ext. 109                     Telephone: (630) 575-8181 ext. 108
mdaher@sulaimanlaw.com                                 osulaiman@sulaimanlaw.com